SCOFIELD *against* LOUNSBURY and another :

#### IN ERROR.

Where the defence in an action of trover, was, that the property was taken by a warrant, issued by the defendant, as captain of a military company ; and it appearing, that the person named in the commission was *Edward L.*, whereas the defendant's name was *Edwin L.*, the defendant offered to shew, by extrinsic evidence, documentary and parol, that he was actually chosen captain, by the company, by the name of *Edwin L. ;* that he was commissioned, by the name of *Edward L.*, in consequence of a mistake of the military committee of the General Assembly ; that he had ever since acted as captain ; and that no other person bore either of these names ; it was held, that such evidence was admissible.

THIS was an action of trover for a cow, brought originally, by *Scofield* against *Lounsbury*, the captain of a militia company to which the plaintiff belonged, and *Earl Smith*, a constable of the town of *Stamford*, in which both the parties lived.

On the trial before the county court, it was admitted, that the cow of the plaintiff was taken, by a warrant, issued by the defendant, *Lounsbury*, as captain of the company, and was executed by the other defendant, *Smith*, as constable. The defence was, that these proceedings were in pursuance of law. The plaintiff claimed, that the proceedings were void, because the defendant *Lounsbury* had no authority to issue his warrant, and of course, the constable had no authority ; for that the commission issued by the governor, in pursuance of the report of the military committe of the General Assembly, was to *Edward Lounsbury*, whereas the defendant's true name was to *Edwin Lounsbury.* Here the defendants offered to prove, by documentary and parol evidence, that the defendant *Lounsbury* was actually chosen captain of said company, by the name of *Edwin Lounsbury*, and had always acted as such, and was, therefore, *de facto*, captain ; that the military committee, by mistake, reported his name *Edward ;* that the governor commissioned him by that name ; and that no other person bore

*Fairfield,*
*June, 1830.*

Scofield
*v.*
Lounsbury.

either of those names. This testimony was objected to, by the plaintiff; but it was admitted by the court; and the jury gave their verdict in favour of the defendants. The plaintiff thereupon filed a bill of exceptions, and brought a writ of error in the superior court; which was reserved for the considerstion and advice of this Court.

*S. H. Minor* and *Betts,* for the plaintiff in error, after premising, that a commission to *Edward Lounsbury* imported, on the face of it, no authority to the defendant, whose name is *Edwin,* and consequently, without explanation, constituted no defence, contended, That parol evidence was inadmissible to vary or explain the commission in question. This document is of as high a nature as a record; as it is founded on and follows the record of the General Assembly. It bears on its face the impress of sovereignty, being authenticated under the seal of the state.

*Hawley,* for the defendants, insisted, That the evidence offered by them, on the trial, was properly received, to shew who the person by the name of *Edward Lounsbury,* was. A mistake as to the name of the grantor or grantee in a deed, would not defeat the grant. *Shep. Touch.* 333, 4. 236. *Co. Litt.* 3. *a.* So, if in a bond the name of the obligee be mistaken, the true name may be shewn. *The New-York African Society* v. *Varick* & al. 13 *Johns. Rep.* 38. In *Brown* v. *Gilman* & al. 13 *Mass. Rep.* 161. it is stated, by the court, as undoubted law, that where a contract in writing is made and signed, and the name of the party contracted with is omitted, or a wrong name inserted, by mistake, the omission may be supplied, or the error corrected, by extrinsic evidence.

But narrower ground than this is sufficient for the defendants, in the present case. The commission, *proprio vigore,* confers no authority. It is merely *evidence* of the appointment made by the company, and established by the General Assembly. The question then, is, are we precluded, by a mistake in the commission, from shewing who was in fact thus appointed? May we not *identify* that person, by parol evidence?

But the documentary evidence alone was sufficient for this purpose. The general's order directs the choice of a captain for that particular company. The return of the election shews *Edwin L.* elected captain of the same company. The com-

mission gives the captain of that company rank from the date of the general's order, under which *Edwin L.* was elected. The mistake, and the proper correction, are palpable, without further proof.

<div align="right">

*Fairfield,*
June, 1830.

Scofield
*v.*
Lounsbury.

</div>

DAGGETT, J. The only question on this writ of error, is, whether the county court erred in admitting testimony to shew the mistake in the commission, and to correct that mistake. On this question I can entertain no doubt. The authority of the officer of a military company, is derived from the choice of the company. The commission is only evidence of the authority, and not like that of records, of conveyances of land and of judgments of courts. Strictness is required, in such cases; and identity is essential. A judgment of court against *Edwin,* cannot, by possibility, be against *Edward ;* but no such strictness prevails in the issuing of commissions. Besides, in the case before us, *Edwin Lounsbury* was *de facto* commander of this company, and as such was authorized to issue his warrant. There is no other difficulty in this case than what occurs in many other cases. The same difficulty occurred in the case of *Litchfield* v. *Farmington,* 7 *Conn. Rep.* 100. ; and it was surmounted by the Court. Such technical objections, as they regard not the merits of the case, are entitled to no favour. I see, then, no ground of error in the judgment complained of.

The other Judges were of the same opinion.

<div align="right">

Judgment to be affirmed.